### JEFFERSON BANK v. FRANKENSTEIN et al. (two cases).

(Supreme Court, Appellate Term. June 5, 1908.)

ALTERATION OF INSTRUMENTS—EVIDENCE—PRESUMPTIONS.

Where, in an action against indorsers of notes in the handwriting of the maker and showing alterations in the number of months in which they became due, there was evidence justifying a finding that the maker, after the notes were indorsed, had no opportunity to make any alterations before they were given to plaintiff for discount, a recovery was authorized; the presumption, on that fact appearing, being that the alterations were made before the notes were indorsed.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Jefferson Bank against Alexander Frankenstein and others. From a judgment of the Municipal Court in favor of plaintiff, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Samuel Sturtz, for appellants.

Strasbourger, Eschwege & Schallek, for respondent.

PER CURIAM. These actions were brought on two promissory notes made by Anna Rosenthal, the maker. The defendants (appellants) were indorsers. It is claimed that the notes were materially altered, and that this alteration was made after defendants had indorsed the notes. This alteration, it is claimed, consists in an alteration in the number of months in which the notes became due. An inspection of the notes themselves shows that they have been altered in this particular. The defendants testify that all the handwriting in the notes, including the alleged alteration, was in the handwriting of the maker. There was evidence which justified the finding in the court below that the maker, after the notes were indorsed, had no opportunity to make any alterations in the notes before they were given to the plaintiff for discount. Of course, if this is the case, the alterations must then be presumed to have been made before the notes were indorsed by defendants. The finding of the court below on this point will not be disturbed and the judgment should be affirmed, with costs.

Judgment affirmed, with costs.